CHEHARDY, Judge.
Plaintiff, Harry Lee, in his capacity as Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, instituted this rule for delinquent taxes for occupational licenses, including statutory penalties, interest and attorney’s fees, against defendant, Herbert E. Mills, doing business as Crest Air Conditioning & Heating. No answer or written defenses were filed, but defendant appeared at the hearing in proper person.
*835 Following trial, judgment was rendered in favor of plaintiff in the sum of $1,550.44 together with penalties, interest and attorney’s fees from August 7, 1980 until paid. Defendant has suspensively appealed.
The only evidence offered by plaintiff was a true copy of the First Lien and Privilege affidavit filed in the parish mortgage records against defendant for failure to pay occupational licenses and permits for the years 1974 through 1980.
Defendant testified he still owns the property where the business was located, but the business was terminated in 1975 and the parish was so advised at that time. Upon notice of back taxes he returned to the parish office and was told he was still advertising in the yellow pages. Defendant explained this was co-op advertising with Fedders and Climatrol, and they had failed to remove the ad.
Plaintiff’s attorney made no objections to any of defendant’s testimony and specifically declined to cross-examine defendant. Instead he relies on the Jefferson Parish Code of Ordinances 16:1 et seq. (Ordinance No. 2587 as amended), which provides that where no answer is filed and no written defenses are in the record the court is bound to render judgment in favor of plaintiff.
A careful examination of the ordinance indicates it refers specifically to sales and use tax. We note plaintiff’s rule is directed to occupational licenses, as is its affidavit, which specifically deletes that portion of the standard form relating to delinquent sales and/or use tax by typing through that portion of the form.
Since we find no provision in the ordinance for summary proceedings for other than sales or use tax, the affidavit alone, referrable to occupational licenses, is insufficient to support the judgment. Plaintiff has clearly not borne its burden of proof in the light of defendant’s undisputed testimony.[1]
For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant dismissing plaintiff’s suit.
REVERSED AND RENDERED.

. We note additionally that the judgment does not conform to the pleadings. The initial demand for $1,550.44 Included penalties, interest and attorney’s fees, but the judgment incorrectly granted these requests in addition to the sum demanded.